IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SEABULK CHALLENGE LLC, <br> and SEABULK TANKERS INC. <br> <br> **Plaintiff,** <br> <br> v. <br> <br> M/T GASCHEM NORDSEE, her equipment, engines, tackle, apparel, and appurtenance, *in rem* <br> Harpain Shipping GmbH, *in personam*, <br> Erste Beteilgungs Kommandtgesellschaft Tim Shipping mbH & Company, *in personam*, Harpaingas GmbH & Company KG. *in personam*, GasChem Services GmbH & Company KG *in personam*. <br> <br> **Defendants.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. _____ <br> <br> Fed. R. Civ. P. Rule 9(h) <br> Admiralty |

### SEABULK CHALLENGE LLC AND SEABULK TANKERS INC.'S
### VERIFIED COMPLAINT

Plaintiffs, Seabulk Challenge LLC, and Seabulk Tankers Inc. ("Plaintiffs" or "Seabulk"), file this Verified Complaint within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and respectfully aver as follows:

## I.
## PARTIES

1. Plaintiff Seabulk Challenge LLC is a corporation validly existing under law and was at all material time was the registered owner of the *Seabulk Challenge*.

2. Plaintiff Seabulk Tankers Inc. a corporation validly existing under law and was at all material times, the operator of the *Seabulk Challenge*.

1

3. Defendant *M/T Gaschem Nordsee* (IMO No. 9402562), *in rem*, is a liquefied petroleum gas carrier that currently safely lies afloat in Galveston Harbor within this Court's jurisdiction.

4. Defendant Harpain Shipping GmbH, *in personam*, is a company organized under the laws of a foreign country and at all material times was the commercial operator of the *M/T Gaschem Nordsee* and may be served via the Texas Secretary of State's Office and/or via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

5. Defendant, Erste Beteilgungs Kommandtgesellschaft Tim Shipping mbH & Company, *in personam*, is a company organized under the laws of a foreign country and at all material times the registered owner of the *M/T Gaschem Nordsee* and may be served via the Texas Secretary of State's Office and/or via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

6. Harpaingas GmbH & Company KG. *in personam*, is a company organized under the laws of a foreign country and at all material times was the manager of the *M/T Gaschem Nordsee* and may be served via the Texas Secretary of State's Office and/or via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

7. GasChem Services GmbH & Company KG in *personam* a company organized under the laws of a foreign country and at all material times was the operator of the *M/T Gaschem Nordsee* and may be served via the Texas Secretary of State's Office and/or via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

## II.
## JURISDICTION AND VENUE

8. This case is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

9. Venue is proper in this Court because a substantial parts of the events or omissions within the meaning of 28 U.S.C. § 1391 occurred in this District.

## III.
## FACTS

10. Plaintiffs, Seabulk Challenge LLC and Seabulk Tanker Inc., brings this suit under this Court's admiralty and maritime jurisdiction against the *in rem* Defendant and the *in personam* Defendants arising out of an allision, a maritime tort, which occurred on March 11, 2022 at Galveston Pier No. 16 (Latitude N29 18 46; Longitude W094 47 16).

11. At all times material hereto, Seabulk Challenge LLC and Seabulk Tankers Inc., were and are the owners and/or owners *pro hac vice* of, the *Seabulk Challenge*, which was at all material times, tight, staunch, strong, seaworthy, and in all respects properly manned, fitted, and equipped. In addition, the *Seabulk Challenge* was at all material times documented under the laws of the United States of America.

12. The *Seabulk Challenge* is a 29,823 gross ton tanker vessel registered in Port Everglades, Florida operating under the U.S. Flag.

13. On March 11, 2022, the *Seabulk Challenge* was properly and safely secured at Galveston Pier No. 16 in Galveston, Texas, while loading a cargo of Cumene from a barge secured on the *Seabulk Challenge's* port side.

14. While the *Seabulk Challenge* was conducting cargo operations, the *Gaschem Nordsee* was transiting outbound the Galveston Ship Channel.

15. At approximately 1840 hours (LT) on March 11, 2022, the *Gaschem Nordsee* allided with the port stern quarter of the *Seabulk Challenge* (the "Allision").

16. As a result of the Allision, the *Seabulk Challenge* broke loose from its moorings and slide approximately 400 feet along the dock. The Allision caused extensive damage to the vessel's port stern quarter and starboard side gangway in addition to parting numerous mooring lines, and other related damages, which are still being accessed.

17. In addition to the physical damage sustained by the *Seabulk Challenge*, Plaintiffs have incurred additional losses including but not limited to loss of use of the vessel, loss of hire, sue and labor costs, survey, and other related costs. As currently calculated, these losses are in excess of two million nine hundred dollars ($2,900,000.00).

## IV.
## CAUSES OF ACTION

18. The sole cause of the Allision was the negligent and careless manner in which the *Gaschem Nordsee* (collectively referring to the *in rem* and *in personam* defendants) was being navigated. In addition to this negligence, the *Gaschem Nordsee*'s violation of statutory rules and regulations constitutes negligence *per se* under the *Oregon* Rule and the *Pennsylvania* Rule.

19. The *Gaschem Nordsee* was carelessly and negligently navigated at an unsafe speed, without a proper lookout, and without taking into account all of the navigational conditions and forces to be considered by a competent navigator.

20. The *Gaschem Nordsee* and her crew failed to follow the applicable rules of navigation, port regulations and customs, and customary rules of proper seamanship to avoid making contact with the *Seabulk Challenge*. These include but are not limited to failing to

maintain a proper course and speed, to steer clear of the moored *Seabulk Challenge*, use all available means to avoid an allision, and failing to keep a proper lookout, all which are violations of the applicable U.S. Coast Guard's Inland Navigation Rules (hereinafter the "Rules of the Road").

21. Specifically the *Gaschem Nordsee* breached her obligations under Rules 2, 5, 6, 7, 8, 34 of the Rules of the Road.

22. The *Gaschem Nordsee* was unseaworthy and manned by an inadequate, incompetent or inexperienced crew at the time of the Allision.

23. The incident and alleged damages were not caused or contributed to by any fault or neglect on the part of the *Seabulk Challenge* or her crew, but on the contrary, were wholly caused by the fault, neglect, and lack of proper care on the part of the *Gaschem Nordsee*.

24. Since the *Gaschem Nordsee* violated statutory and regulatory provisions which are meant to prevent collisions/allisions the *Gaschem Nordsee* is presumed to be the cause of the Allision under the *Pennsylvania* Rule.

25. Moreover, as a passing vessel allided with a stationary moored vessel, the *Gaschem Nordsee* is presumed to be the cause of the Allision under the *Oregon* Rule.

26. The Allision as detailed above was caused by negligent, careless, and/or intentional acts of the *Gaschem Nordsee* in failing to follow the Rules of the Road as required by law.

27. The *Gaschen Nordsee* was a vessel underway which struck a moored stationary vessel thereby invoking the Rule of *The Oregon*, 158 U.S. 186 (1895). Pursuant to *Oregon* Rule, the moving vessel presumed at fault and bears the burden of proving itself without fault. *Id*.

28. Based upon the foregoing, Seabulk also pleads the Rule of *The Pennsylvania*, 86 U.S. 125, 136 (1874). Pursuant to the *Pennsylvania* Rule, the *Gaschem Nordsee* must show "not

merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been." *Id*.

## V.
## DAMAGES

29. As a result of the Allision, the *Seabulk Challenge* has suffered or will suffer damages in an amount in excess of $2,900,000.00, which includes but not limited to physical damage to the vessel, sue and labor costs, lost profits, loss of use, loss of hire, survey costs, attorney's fees, costs of court and other costs as yet to be determined.

## VI.
## RULE C ARREST OF VESSEL

30. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

31. As a result of the Allision, a maritime tort lien has arisen against the M/T *Gaschem Nordsee*.

32. Plaintiffs' maritime lien on the M/T *Gaschem Nordsee* is enforceable by suit *in rem*.

33. Accordingly, Plaintiffs seek to enforce its maritime lien pursuant to Admiralty Rule C by arresting the M/T *Gaschem Nordsee*.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs, Seabulk Challenge LLC, and Seabulk Tankers Inc. pray as follows:

a. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the *M/T Gaschem Nordsee* and her appurtenances, and that she be seized pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

      b.      That a summons issue to the Defendants *in personam*, Harpain Shipping GmbH, Erste Beteilgungs Kommandtgesellschaft Tim Shipping mbH & Company, Harpaingas GmbH & Company KG, and GasChem Services GmbH & Company KG, citing them to appear and answer the matters aforesaid;

      c.      That the maritime liens of Plaintiffs be recognized and enforced with preference and priority over all persons whomsoever;

      d.      That the Court enter judgment for Plaintiffs and against the *M/T Gaschem Nordsee*, *in rem*, and Defendants, Harpain Shipping GmbH, Erste Beteilgungs Kommandtgesellschaft Tim Shipping mbH & Company, Harpaingas GmbH & Company KG, and GasChem Services GmbH & Company KG, *in personam*, jointly and severally, in an amount of no less than $2,900,000.00 or such other amount as may be proved herein, plus interest, costs, and attorneys' fees;

      e.      That the Vessel and chattels aboard be sold to satisfy said judgment; and

      f.      That the Court grant all other and further relief as justice may require in the premises.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

/s/ Michael J. Wray
Michael J. Wray
State Bar No. 24052191
Fed. ID. 381651
michael.wray@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Telefax: (713) 953-9470
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS SEABULK CHALLENGE LLC
AND SEABULK TANKERS INC.**

**OF COUNSEL:**
**HOLMAN FENWICK WILLAN USA LLP**
James T. Brown
Texas Bar No. 03138150
Federal ID No. 11656
jim.brown@hfw.com
Alejandro Mendez-Roman
State Bar No. 24102778
Federal Bar No. 2295449
alex.mendez@hfw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SEABULK CHALLENGE LLC, and SEABULK TANKERS INC. | * * * | |
| Plaintiff, | * * | Civil Action No. _____ |
| v. | * * | Fed. R. Civ. P. Rule 9(h) Admiralty |
| M/T GASCHEM NORDSEE, her equipment, engines, tackle, apparel, and appurtenance, in rem Harpain Shipping GmbH, in personam, Erste Beteilgungs Kommandtgesellschaft Tim Shipping mbH & Company, in personam, Harpaingas GmbH & Company KG. in personam, GasChem Services GmbH & Company KG in personam, | * * * * * * * | |
| Defendants. | * * | |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Alejandro Mendez-Roman declares:

1.  I am one of the attorneys for Plaintiffs, Seabulk Challenge LLC, and Seabulk Tankers Inc. in this case. I am an attorney in the law firm Holman Fenwick Willan USA LLP. I make this declaration on behalf of Plaintiffs because the representative for Plaintiffs is not available.

2.  Based on my personal knowledge of the events the facts asserted in the Verified Complaint are true and correct within my personal knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2022.

Houston, Texas

Signed:_____
Counsel for Plaintiffs

9