IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SEABULK CHALLENGE LLC, and  SEABULK TANKERS INC. | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C.A. NO. 3:22-cv-00089  Admiralty – FED. R. CIV. P. 9(h) |
| LPG/C GASCHEM NORDSEE, her equipment, engines, tackle, and appurtenances, *in rem*, et al. | § § § § | |

## ANSWER TO SEABULK CHALLENGE LLC AND SEABULK TANKERS INC.'S VERIFIED COMPLAINT

Erste Beteilgungs-Kommandtgesellschaft Tim Shipping mbH & Company ("Erste"), on behalf of itself, and pursuant to its Statement of Right or Interest as the owner of the *LPG/C Gaschem Nordsee*, on behalf of the *in rem* Defendant, *LPG/C Gaschem Nordsee*, her engines, tackle, etc. ("*Gaschem Nordsee*" or "Vessel"), and Harpaingas GmbH & Company KG ("Harpaingas") (collectively "GN Interests"), file their Answer in response to the Verified Complaint filed on behalf of Seabulk Challenge LLC and Seabulk Tankers Inc. (collectively "Seabulk Claimants"), and respectfully will show as follows:

## I. ORIGINAL ANSWER

### FIRST DEFENSE

The Seabulk Claimants fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

Subject to and without waiving any other defenses, the GN Interests answer the allegations of Seabulk Claimants' Verified Complaint ("Complaint") in correspondingly numbered paragraphs as follows:

**I. PARTIES**

1. GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. GN Interests admit that the *LPG/C Gaschem Nordsee* is a LPG carrier bearing IMO No. 9402562. It is denied that the *Gaschem Nordsee* "currently" lies afloat in Galveston Harbor.

4. As to Paragraph 4 of the Complaint, Harpain Shipping GmbH is not a proper party to this claim and it is denied that it was the commercial operator of *Gaschem Nordsee*.

5. As to Paragraph 5 of the Complaint, it is admitted that Erste is a foreign business entity. It is admitted Erste is the owner of the *Gaschem Nordsee*.

6. As to Paragraph 6 of the Complaint, it is admitted that Harpaingas is a foreign business entity. It is further admitted that Harpaingas was the technical manager of the *Gaschem Nordsee*.

7. As to Paragraph 7 of the Complaint, GasChem Services GmbH & Company KG is not a proper party to this claim.

## II. JURISDICTION

8. The allegations of Paragraph 8 of the Complaint are legal in nature and do not require a response; alternatively, GN Interests admit that this Court has admiralty jurisdiction over this matter.

9. The allegations of Paragraph 9 of the Complaint are legal in nature and do not require a response. It is admitted that the incident occurred within this district.

## III. FACTS

10. The allegations in Paragraph 10 of the Complaint do not pertain to the GN Interests. To the extent a response may be required, it is admitted that an allision occurred on March 11, 2022.

11. The allegations in Paragraph 11 of the Complaint do not pertain to the GN Interests. To the extent a response may be required, the GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations.

12. The allegations in Paragraph 12 of the Complaint do not pertain to the GN Interests. To the extent a response may be required, the GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations.

13. The GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. The GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations related to cargo operations as set forth in Paragraph 14 of the Complaint. As to the remaining allegations, it is admitted that the *Gaschem Nordsee* was transiting outbound Galveston Ship Channel at all relevant times.

15. As to Paragraph 15 of the Complaint, it is admitted that the *Gaschem Nordsee* allided with the *Seabulk Challenge*.

16. The allegations in Paragraph 16 of the Complaint do not pertain to the GN Interests. To the extent a response is required, the GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations.

17. The allegations in Paragraph 16 of the Complaint do not pertain to the GN Interests. To the extent a response is required, the GN Interests do not have sufficient knowledge or information to form a belief as to the truth of the allegations.

## IV.  CAUSES OF ACTION

18. The allegations in Paragraph 18 of the Complaint are denied.

19. The allegations in Paragraph 19 of the Complaint are denied.

20. The allegations in Paragraph 20 of the Complaint are denied.

21. The allegations in Paragraph 21 of the Complaint are denied.

22. The allegations in Paragraph 22 of the Complaint are denied.

23. The allegations in Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are legal in nature and do not require a response.  To the extent a response may be required, they are denied.

25. The allegations of Paragraph 25 of the Complaint are legal in nature and do not require a response.  To the extent a response may be required, they are denied.

26. The allegations in Paragraph 26 of the Complaint are denied.

27. The allegations of Paragraph 27 of the Complaint are legal in nature and do not require a response.  To the extent a response may be required, it is admitted that *Gaschem Nordsee* made contact with the *Seabulk Challenge*.

28. The allegations of Paragraph 28 of the Complaint are legal in nature and do not require a response.

## V.  DAMAGES

29. It is denied that the *Seabulk Challenge* sustained the nature and extent of damages claimed in Paragraph 29 of the Complaint.

## VI.  RULE C ARREST OF VESSEL

30. The GN Interests incorporate by reference each of the preceding paragraphs as if set forth in full.

31. The allegations of Paragraph 31 of the Complaint are legal in nature and do not require a response.

32. The allegations of Paragraph 32 of the Complaint are legal in nature and do not require a response.

33. The allegations in Paragraph 33 of the Complaint do not pertain to the GN Interests. To the extent a response is required, it is denied that Plaintiffs may arrest the *Gaschem Nordsee* under the terms of security posted.

## PRAYER FOR RELIEF

34. The GN Interests deny that the Seabulk Claimants are entitled to the relief requested in their unnumbered Prayer for Relief and its subparagraphs (a)–(f).

## THIRD DEFENSE

For further answer, if such is necessary and without waiving the foregoing, a proximate cause of the allision was the *M/T Seabulk Challenge*'s violation of statutory regulations and rules intended to prevent collisions and allisions.  Such violation(s) invoke the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136 (1874).  As a result, parties claiming an interest in the *M/T Seabulk*

*Challenger* now bear a burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the collision or allision.  *Id.*

### FOURTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the GN Interests are not liable for any damages arising out of the incident.

### FIFTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the damages arising out of the incident were in no way caused or contributed to by any fault, neglect, or want of due care on the part of the GN Interests and/or the crew of the *Gaschem Nordsee*.

### SIXTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the damages arising out of the incident were proximately caused, in whole or in part, by the negligence and/or negligence *per se* of other persons for whom the GN Interests are not legally responsible.

### SEVENTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the damages arising out of the incident were proximately caused by the unseaworthiness of vessels for which the GN Interests are not legally responsible.

### EIGHTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Seabulk Claimants do not have a cause of action against the GN Interests based on the alleged unseaworthiness of the *Gaschem Nordsee*.

## NINTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Seabulk Claimants failed to mitigate their damages, if any.

## TENTH DEFENSE

The alleged damages in the Complaint were the result of preexisting conditions aboard the vessel and unrelated to the Seabulk Claimants' allegations against the GN Interests and/or the result of conditions sustained by or developed by the Seabulk Claimants subsequent to the allision made the basis of this lawsuit.

## ELEVENTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the GN Interests assert their right to a proportionate reduction of any damages found against them, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or the Seabulk Claimants.

## TWELFTH DEFENSE

For further answer, the GN Interests preserve their right to exoneration and/or limitation of liability under the Shipowner's Limitation of Liability Act (46 U.S.C. § 30501 et seq., 46 U.S.C. § 30505, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## PRAYER

For these reasons, Erste Beteilgungs-Kommandtgesellschaft Tim Shipping mbH & Company, on behalf of itself, and pursuant to its Statement of Right or Interest as the owner of the *LPG/C Gaschem Nordsee*, on behalf of the *in rem* Defendant, *LPG/C Gaschem Nordsee*, her engines, tackle, etc., and Harpaingas GmbH & Company KG  pray that their Answer to the Seabulk

Claimants' Verified Complaint be deemed good and sufficient, and that after due proceedings are had, the Court deny the Seabulk Claimants' Complaint and award the Seabulk Claimants' nothing against the GN Interests. The GN Interests further pray for all and further relief at law or in equity as justice may require.

                              Respectfully submitted,

                              */s/ James T. Bailey*
                              Robert L. Klawetter
                              Federal ID No. 2471
                              State Bar No. 11554700
                              rklawetter@sbsb-eastham.com
                              Christina K. Schovajsa
                              Federal ID. No. 25142
                              State Bar No.24002910
                              cschovajsa@sbsb-eastham.com
                              James T. Bailey
                              Federal I.D. 30347
                              State Bar No. 24031711
                              jbailey@sbsb-eastham.com
                              1001 McKinney, Suite 1400
                              Houston, Texas  77002
                              Telephone: (713) 225-0905
                              Facsimile:  (713) 225-2907

                              *Attorneys for Gaschem Nordsee Interests*

OF COUNSEL:

SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM PLLC

## **CERTIFICATE OF SERVICE**

  I certify that I filed the foregoing Answer on **June 21, 2022**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Galveston Division.

*/s/ James T. Bailey*
James T. Bailey
